**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIULING ZHANG, | No. 15-73619 |
| Petitioner, | Agency No. A088-324-692 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 18, 2021[**]
Pasadena, California

Before: CALLAHAN and FORREST, Circuit Judges, and AMON,[***] District
Judge.

Xiuling Zhang petitions for review of the Board of Immigration Appeals'

decision to uphold the denial of her applications for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     Having granted the parties' joint motion to submit on their briefing,
the panel decides this case without oral argument. *See* Fed. R. App. P. 34(f).

[***]     The Honorable Carol Bagley Amon, United States District Judge for
the Eastern District of New York, sitting by designation.

removal, and protection under the Convention Against Torture. We deny Zhang's petition.

Zhang, a Chinese citizen, testified that she converted to Christianity in 2006. She came to the United States legally in July 2007 and willingly returned to China without incident in August 2007. In September 2007, Zhang says she was arrested in China while attending a house church gathering. According to Zhang, the Chinese police detained her for seven days and interrogated and physically abused her. In October 2007, Zhang lawfully re-entered the United States but overstayed her visa. In February 2008, the Department of Homeland Security initiated removal proceedings. Zhang conceded removability and filed the applications that are the subject of this petition. She claims that if she returns to China, she will be arrested and likely tortured for practicing Christianity.

An immigration judge found Zhang's testimony not credible and denied her requests for relief. Zhang appealed, but the Board of Immigration Appeals agreed with the immigration judge and dismissed her appeal. Zhang filed the present petition for review of the Board's dismissal. We have jurisdiction under 8 U.S.C. § 1252. The Board issued its own decision but relied on the immigration judge's decision, so we review both decisions. *See Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014).

Because both the immigration judge's decision to deny all relief sought by

Zhang and the Board's affirmance of that decision rest on the determination that Zhang was not credible, "[t]he central question in this case is whether substantial evidence supports the . . . adverse credibility determination." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). An applicant's testimony is not presumed credible. *Id.* Instead, the immigration judge can assess credibility by "[c]onsidering the totality of the circumstances, and all relevant factors," including "the inherent plausibility of the applicant's . . . account" and "the consistency between the applicant's . . . written and oral statements." 8 U.S.C. § 1158(b)(1)(B)(iii). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Iman*, 972 F.3d at 1064. "The agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016)). "[O]nly the most extraordinary circumstances will justify overturning an adverse credibility determination." *Jin v. Holder*, 748 F.3d 959, 964 (9th Cir. 2014) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010)).

Zhang must show that the record compels the conclusion that her testimony was credible but fails to do so. The immigration judge's adverse credibility determination was supported by substantial evidence, including inconsistencies within Zhang's testimony and between Zhang's testimony and documents she had previously filed. For example, Zhang testified that she was unwilling to attend

state-sanctioned Christian churches in China in 2006 and 2007 out of fear of future persecution should the political climate change, but also testified that she first learned that being Christian in China was dangerous during her September 2007 arrest. The timing of Zhang's knowledge about the difficulties of practicing Christianity in China is particularly relevant to the credibility of her claimed fear of persecution—as the immigration judge reasoned, her argument is substantially undercut if she knew of the issues facing Chinese Christians (as evidenced by her reluctance to register as one) and nonetheless willingly returned to China in August 2007. The immigration judge also took the short timeline of Zhang's arrival, departure, arrest, and return to the United States as evidence of the implausibility of Zhang's testimony about her motivations to come to the United States.

Zhang characterizes the immigration judge's conclusions about her knowledge of the dangers of Christianity as speculative. She asserts that the alleged discrepancies are explained by her testimony that she was nervous, really wanted to come to the United States, and had not reviewed the documents in question. And she argues that the testimony of her prior abuse and the background reports on China she submitted show that it is likely that she will be tortured if she returns. But these competing statements do not compel the conclusion that her testimony was credible and that the immigration judge erred in concluding otherwise. Accordingly, this court must uphold the Board's determination.

4

The petition for review is **DENIED**.